Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000589
07-APR-2020
07:59 AM

NO. CAAP-18-0000589

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JOHNATHEN SWAIM,
Petitioner-Appellant,
v.
STATE OF HAWAI'I,
Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 17-1-0013 (CR. NO. 1PC101001235))

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Chan and Wadsworth, JJ.)

Petitioner-Appellant Johnathen Swaim, aka Jonathen Swaim, and Jonathan Swaim (Swaim), appeals from the Order Denying Rule 40 Petition for Post-Conviction Relief Without a Hearing, filed on June 27, 2018, in the Circuit Court of the First Circuit (Circuit Court).[1]

On January 18, 2011, after pleading no contest, Swaim was convicted of Burglary in the First Degree, in violation of Hawaii Revised Statutes (HRS) § 708-810(1)(c) (1993) and sentenced to five years probation, with one year incarceration as a special condition, subject to early release to participate in substance abuse treatment.

---

[1] The Honorable Edwin C. Nacino presided.

On July 12, 2017, Swaim filed a Petition to Vacate, Set Aside, or Correct Judgment Pursuant to Rule 40 of the Hawai'i Rules of Penal Procedure (Petition). On June 27, 2018, the Petition was denied without a hearing.

On appeal, Swaim asserts the Circuit Court erred by denying his Petition without a hearing because he stated a colorable claim. Swaim claims: (1) he did not enter his no contest plea knowingly and intelligently because he did not understand the nature of the charge and consequences, he did not have the requisite state of mind to commit Burglary in the First Degree, he was advised by counsel to change his plea, there was ample evidence to beat and overcome the charge, he did not want to go to prison, and he was not informed his conviction would result in a ten year prison term; (2) he received ineffective assistance of counsel because, had his counsel not encouraged him to change his plea to no contest, the charge would have been dismissed or he would have been found not guilty; (3) there was prosecutorial misconduct because the evidence could not prove his intent to commit Burglary and the charge should have been lowered to Trespass; (4) his plea was coerced and he was forced to change his plea by counsel; (5) the Honolulu Police Department (HPD) failed to conduct a fair and lawful investigation because a proper investigation would have revealed he did not commit Burglary and intent to commit Burglary could not be proved; and (6) Rule 11(g) of the Hawai'i Rules of Penal Procedure (HRPP) was violated when he was not asked if there was a factual basis for his no contest plea before it was accepted.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Swaim's points of error as follows:

(1) Swaim's claim that he did not knowingly and intelligently enter his no contest plea is without merit. Specifically, Swaim contends that he did not understand the

2

nature of the charge and consequences, he did not have the requisite state of mind to commit Burglary in the First Degree, he was advised by counsel to change his plea, there was ample evidence to beat and overcome the charge, he did not want to go to prison, and he was not informed his conviction would result in a ten year prison term.

Swaim's signed no contest plea stated: "I have received a written copy of the original charges in this case. The charges have been explained to me. I understand the original charges against me. I told my lawyer all of the facts I know about the case. My lawyer explained the government's evidence against me, my possible defenses, and the facts which the government must prove in order to convict me." It also stated Swaim was subject to a maximum term of ten years imprisonment and a $25,000 fine. It further stated: "I plead of my own free will. No one is pressuring me or threatening me or any other person to force me to plead." Swaim understood the nature of the charge and its consequences. He also understood the evidence against him and his possible defenses, including reasonable doubt and no intent/knowledge because those were listed as possible defenses during plea negotiations and Swaim acknowledged that his counsel explained his possible defenses to him. Simply being advised by counsel to plead no contest does not, by itself, make a no contest plea not knowing and intelligent. Swaim's no contest plea did not require the court to impose a specific sentence and the State did not agree to support Swaim's sentencing request. Therefore, Swaim understood that under the no contest plea, he could be sentenced to up to ten years incarceration.

(2) & (4) Swaim's second and fourth points of error make overlapping arguments and, therefore, are addressed together. Swaim claims his counsel was ineffective for advising him to plead no contest because, "[h]ad Mr. Swaim not been strongly advised and urged to change his plea to no contest, he would have been able to fight to get the Burglary in the first

3

degree charge dismissed and/or have a full jury trial on the merits in which with *reasonable probability* he would have been found not guilty." Swaim also contends his counsel told him, "it is no big deal, you already have one felony conviction, another one won't make a difference. We can beat the Burglary charge, but you will go to jail anyways, so just plead no contest and get probation." (Brackets omitted.)

> "In assessing claims of ineffective assistance of counsel, the applicable standard is whether, viewed as a whole, the assistance provided was within the range of competence demanded of attorneys in criminal cases." Dan[ v. State], 76 Hawai'i [423,] 427, 879 P.2d [528,] 532 [(1994)] (internal quotation marks, brackets, and citation omitted).

>> [T]he defendant has the burden of establishing ineffective assistance of counsel and must meet the following two-part test: 1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense. Determining whether a defense is potentially meritorious requires an evaluation of the possible, rather than the probable, effect of the defense on the decision maker. . . . Accordingly, no showing of actual prejudice is required to prove ineffective assistance of counsel.

> Barnett v. State, 91 Hawai'i 20, 27, 979 P.2d 1046, 1052-53 (1999) (ellipsis in original) (citations and internal quotation marks omitted).

Adams v. State, 103 Hawai'i 214, 220, 81 P.3d 394, 400 (2003); see also Hill v. Lockhart, 474 U.S. 52, 56 (1985) ("Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" (citation omitted)).

Swaim claims that his counsel specifically advised him to plead no contest to get probation despite being able to beat the Burglary charge. The record reflects that the State submitted a declaration from Swaim's trial counsel in its Answer

to Petition. Swaim's counsel explained his reasoning and the interplay between the Burglary in the First Degree charge and another case for which Swaim was subject to resentencing. Counsel's declaration explained his opinion and advice as to why Swaim might have wished to plead no contest. In its order denying the Petition, the Circuit Court found the Petition to be "patently frivolous and without a trace of support, either on the record, or from the evidence submitted[.]" Swaim's presentation of a colorable claim, coupled with trial counsel's declaration, entitled Swaim to be present at an evidentiary hearing for the circuit court to consider that evidence. See HRPP Rule 40(f); Carvalho v. State, 81 Hawai'i 185, 190-91, 914 P.2d 1378, 1383-84 (App. 1996), overruled on other grounds by In re Attorney's Fees of Mohr, 97 Hawai'i 1, 7, 32 P.3d 647, 653 (2001). Therefore, the Circuit Court erred when it denied Swaim's Petition without an evidentiary hearing.

(3) Swaim claims there was prosecutorial misconduct because the prosecution could not prove his intent to commit Burglary and "[i]nstead of being fair, logical, respecting Mr. Swaim's constitutional rights, and perhaps dismissing the Burglary charge or lowering it to a Trespass charge, the Prosecutor maintained the Burglary in the first degree charge." Swaim's claim is without merit.

"[G]enerally, a guilty plea made voluntarily and intelligently precludes a defendant from later asserting any nonjurisdictional claims, including constitutional challenges to the pretrial proceedings." State v. Hernandez, 143 Hawai'i 501, 508, 431 P.3d 1274, 1281 (2018) (quoting State v. Morin, 71 Haw. 159, 162, 785 P.2d 1316, 1318 (1990)). "A no contest plea is equivalent to a guilty plea in terms of waiving alleged nonjurisdictional claims." Id. In State v. De Guair, 108 Hawai'i 179, 189-91, 118 P.3d 662, 672-74 (2005), the supreme court rejected the defendant's claim that the trial court should not have accepted his no contest plea to the offense of attempted

manslaughter. The defendant argued that he could not plead to the non-existent crime of attempted "reckless" manslaughter and there was no factual basis for a conviction of attempted manslaughter based on extreme mental or emotional disturbance where he intentionally shot a person. Id. The De Guair court held that, because there is no requirement to elicit a factual basis for a no contest plea, "it matters not whether the facts laid out in De Guair's change of plea hearing failed to establish the offense of attempted manslaughter by virtue of EMED. It is sufficient that the offense of attempted manslaughter exists in any form." Id. at 191, 118 P.3d at 674.

Swaim does not dispute that the offense of Burglary in the First Degree exists. Thus, the State's ability to prove intent was irrelevant when Swaim pled no contest to the charge. If Swaim entered into his no contest plea knowingly and voluntarily, Swaim waived all nonjurisdictional pretrial proceeding claims. Hernandez, 143 Hawai'i at 508, 431 P.3d at 1281.

"[T]here is no constitutional right to plea bargain[.]" Weatherford v. Bursey, 429 U.S. 545, 561 (1977). There is nothing in the record to support Swaim's claim that he was offered a plea bargain to dismiss the charge of Burglary in the First Degree or to reduce the charge to Trespass. Thus, his claim that the charge would be dismissed or should have been reduced to Trespass is without any support in the law or record.

(5) As with the prosecutorial misconduct claim above, Swaim claims HPD failed to conduct itself in a fair and lawful manner because a thorough investigation would have revealed he did not commit Burglary in the First Degree and it would be impossible to prove. As stated above, the State's ability to prove intent was not relevant when Swaim pled no contest. De Guair, 108 Hawai'i at 191, 118 P.3d at 674. If Swaim entered into his no contest plea knowingly and voluntarily, Swaim waived

6

all nonjurisdictional pretrial proceeding claims.  <u>Hernandez</u>, 143 Hawai'i at 508, 431 P.3d at 1281.

       (6) Swaim's claim that the Circuit Court violated HRPP Rule 11(g) is without merit.  At the time Swaim entered into his no contest plea on October 7, 2010, HRPP Rule 11(f) was applicable and stated "(f) Determining accuracy of plea.  Notwithstanding the acceptance of a plea of guilty, the court shall not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea."[2]  HRPP Rule 11(f) does not apply to no contest pleas.  <u>State v. Merino</u>, 81 Hawai'i 198, 217-18, 915 P.2d 672, 691-92 (1996).

       Based on the foregoing, we affirm in part and vacate in part the Order Denying Rule 40 Petition for Post-Conviction Relief Without a Hearing, filed on June 27, 2018, in the Circuit Court of the First Circuit.  This matter is remanded for an evidentiary hearing consistent with this Summary Disposition Order.

       DATED:  Honolulu, Hawai'i, April 7, 2020.

On the briefs:

Jonathan E. Spiker,
(Koshiba Price & Gruebner),
for Petitioner-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Respondent-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Derrick H. M. Chan
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

---

[2]     Effective 2014, HRPP Rule 11(f) was renumbered as HRPP Rule 11(g).